RICHARD JOHN MEIER
Legal Helpers, P.C.
20 West Kinzie Street
Suite 1300
Chicago, IL 60610
Telephone: 866.339.1156
rjm@legalhelpers.com
*Attorney for Plaintiff*

RALPH L. POLLARD
360 Civic Drive
Suite B
Pleasant Hill, CA 94523
Telephone: 925.305.2687
rlpesq@coopadj.com
*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Rick Angelini | CASE No.: C 07-05177-EMC |
|     Plaintiff, | JUDGE: Chen |
| v. | |
| Co-Operative Adjustment Bureau, | |
|     Defendant. | **JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT** |

Now come the parties, by and through their respective counsel, and respectfully submit their Joint Rule 26(f) Report and Case Management Statement. The parties, for their Joint Rule 26(f) Report and Case Management Statement, state as follows:

I-    <u>Jurisdiction and Service</u>

Jurisdiction is proper in this District since Plaintiff resides in this District and a

substantial portion of the harm alleged in the Complaint occurred within this District.  At this

time, no parties remain to be served.

II-    <u>Plaintiff's Counsel</u>

Richard John Meier
Legal Helpers, P.C.
20 West Kinzie Street
Suite 1300
Chicago, IL 60610
Telephone: 866.339.1156
rjm@legalhelpers.com

William Kirk Moore
Legal Helpers, P.C.
564 Market Street
Suite 300
San Francisco, CA 94104
Telephone: 415.986.4442
wmo@legalhelpers.com

III-    <u>Defendant's Counsel</u>

Ralph L. Pollard
360 Civic Drive
Suite B
Pleasant Hill, CA 94523
Telephone: 925.305.2687
rlpesq@coopadj.com

IV-    <u>Plaintiff's Statement of the Case</u>

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act

("FDCPA") when trying to collect a debt that Plaintiff allegedly owed.  Specifically, Plaintiff

alleges that Defendant made improper threats of legal action that, at the time of making such,

were not intended, and which Defendant was not able to take.  Plaintiff further states that such

threats violated the FDCPA, and constituted unfair and unconscionable means of collecting or

attempting to collect a debt. 15 U.S.C. 1692e.  Plaintiff prays for Judgment awarding him his

actual damages, $1,000 in statutory damages, and his reasonable attorney fees and costs.

    V-    <u>Defendant's Statement of the Case</u>

        Defendant states that the underlying debt assigned for collection to Defendant arose from

the breach of a residential lease entered into by Plaintiff and Brandon Hatt as co-tenants.  When

contacted by Defendant Mr. Hatt paid the debt in full.  Defendant initiate one telephone contact

with Plaintiff before Mr. Hatt paid the obligation, and at no time threatened suit on the small debt

nor in any way violated the FDCPA.

        Defendant contends this action is brought in bad faith, for the purpose of harassing

Defendant and attempting to extort money as a settlement to avoid the expense of defending this

suit.  Thus, Defendant is entitled to an award of costs and attorney fees against Plaintiff pursuant

to 15 U.S.C. §1692k(a)(3).

    VI-    <u>Discussion of Relevant Law</u>

        This case was brought under the FDCPA. 15 U.S.C. 1692 *et seq.*  Under the FDCPA,

debt collectors are prohibited from engaging in certain conduct during the collection, or

attempted collection, of a debt.  Relevant to the above-captioned matter, the FDCPA prohibits

threats of legal action when that legal action "cannot legally be taken" or "is not intended to be

taken," and the "use of unfair or unconscionable means to collect or attempt to collect" a debt.

15 U.S.C. 1692e-f.

        Importantly, the "FDCPA imposes strict liability on debt collectors." *Clark v. Capitol

Credit Services*, 460 F.3d 1162 (9th Cir.2006); any violation of the FDCPA, triggers the statute's

remedies.  *See e.g.  Piliples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989),

citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989); *see e.g. Russell*

*v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir, 1996); *Hartman v. Meridian Fin. Servs., Inc.*, 191 F.Supp

2d 1031 (W.D. Wis. 2002); *Edwards v. McCormick*, 136 F.Supp. 2d 795 (S.D. Ohio 2001).

    VII-    <u>Agreed Points of Litigation</u>

1. The parties conferred under Federal Rule of Civil Procedure 26(f) on January 4, 2008 and agreed to make the requisite Fed. R. Civ. P. 26(a)(1) Initial Disclosures no later than January 16, 2008;

2. The Parties do not foresee the need to impose any limitations upon discovery;

3. The Parties do not foresee the need for any Protective Orders;

4. The parties consent to the jurisdiction of the Magistrate Judge and would be willing to participate in other Alternative Dispute Resolution procedures;

5. The above-captioned case should not be designated as a complex case;

6. There are no Fed. R. Civ. P. 12(b) matters to be resolved;

7. Summary adjudication under Fed. R. Civ. P. 56 may appropriate in this matter after the close of discovery;

8. No RICO statement will be submitted;

9. There are no issues of remand pursuant to 28 U.S.C. 1447;

10. Plaintiffs have requested a jury trial and expect the same to last 3 days.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: ____*/s/ Richard J. Meier*
Richard John Meier
Legal Helpers, P.C.
20 West Kinzie Street
Suite 1300
Chicago, IL 60610
Telephone: 866.339.1156
rjm@legalhelpers.com

By:_____/s/ Ralph L. Pollard_
Ralph L. Pollard
360 Civic Drive
Suite B
Pleasant Hill, CA 94523
Telephone: 925.305.2687
rlpesq@coopadj.com